MARY JO O'NEILL  AZ Bar No. 005924
P. DAVID LOPEZ  DC Bar No. 426463
Guy David Knoller AZ Bar No. 002803
Richard Sexton  Pa. Bar No. 202584
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012
Telephone:  (602) 640-5016
e-mail:    mary.oneill@eeoc.gov
           patrick.lopez@eeoc.gov
           guy.knoller@eeoc.gov
           richard.sexton@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | Case No. CIV 09-2038 |
| Plaintiff, | |
| vs. | **COMPLAINT AND JURY TRIAL DEMAND** |
| Riverstone  Residential SW, LLC, a Delaware corporation; Realty Management, Inc, an Arizona corporation, | |
| Defendants. | |

.

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Shaun Oldridge ("Oldridge").  Despite this disability, Oldridge seeks to be a productive member of

society, which includes working. The Commission alleges Defendants discriminated against Oldridge because of his disability by failing to provide a reasonable accommodation during his employment and by terminating him in violation of Section 102 of the ADA, 42 U.S.C. §12112(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is brought pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Riverstone Residential SW, LLC, a Delaware corporation doing business in the State of Arizona, has continuously had at least fifteen (15) employees.

5. At all relevant times, Realty Management, Inc., an Arizona corporation doing business in the State of Arizona, has continuously had at least fifteen 15 employees.

6. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Oldridge filed a charge with the Commission alleging violations of Title I of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Oldridge is disabled and is substantially limited in one or more major life activities. Oldridge is a person with a disability as defined by the ADA.

10.. During his employment Oldridge requested on a number of occasions to have one hour off to see his health care provider, which was a request for an accommodation. Each such request was unlawfully refused.

11. On or about March 21, 2008, Oldridge informed the Defendants that he was going to be involuntarily committed in a hospital by court order.

12. On or about March 21, 2008, Oldridge was involuntarily hospitalized and so informed Defendants.

13. Defendants failed and refused to accommodate Oldridge and instead unlawfully discharged him because of his disability.

14. The unlawful employment practices alleged above were intentional.

15. The unlawful employment practices alleged above were done with malice or reckless indifference to federally protected rights of Oldridge.

## PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination and any other employment practice which discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Mr. Oldridge by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

- 4 -

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Oldridge or, in the alternative, front pay.

     D.    Order Defendants to make whole Oldridge by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses not covered by Defendants' employee benefit plan, in amounts to be determined at trial.

     E.    Order Defendants to make whole Oldridge by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

     F.    Order Defendants to pay Oldridge punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

     G.    Grant such further relief as this Court deems necessary and proper in the public interest.

     H.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 29th day of September, 2009.

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC  20507 0004

s/ Mary Jo O'Neill_____
MARY JO O'NEILL
Regional Attorney
 s/ P. David Lopez
P. DAVID LOPEZ
Supervisory Trial Attorney

 *s/* Guy David Knoller____
Guy David Knoller
Trial Attorney

s/ Richard Sexton
Richard Sexton


EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
3300 North Central Ave., Suite 690
Phoenix, Arizona  85012-2504
Attorneys for Plaintiff